NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0237n.06

No. 09-3480

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 19, 2010**

LEONARD GREEN, Clerk

JOHN CHABRIA; RENITA, LTD., f/k/a ZENIX, LTD.,

   Plaintiffs-Appellants,

     v.

EDO WESTERN CORPORATION,

   Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**BEFORE:  MARTIN, ROGERS, and McKEAGUE, Circuit Judges.**

**ROGERS, Circuit Judge.**  Plaintiffs John Chabria and Renita Ltd. appeal the district court's grant of defendant EDO Western Corporation's motion for summary judgment on Chabria's breach of contract claim.  When EDO acquired the assets of Chabria's microwave ceramics business in December 1998, EDO agreed to pay Chabria royalties in the amount of five percent of the gross sales of the microwave ceramics product line, up to $1.2 million.  After the product line failed to make a profit, EDO shut down the line in mid-2002.  Chabria subsequently filed suit, claiming a right to more than $1.1 million in unpaid royalties.  EDO has apparently made no effort to revive the product line, nor could EDO reenter the microwave ceramics market today.

Applying New York law, which the parties agree governs their dispute, the district court concluded that the parties' agreement implied a promise that EDO would use reasonable efforts to

generate revenues—and, in turn, royalties—from the sale of the product line. *Chabria v. EDO W. Corp.*, No. 2:06-CV-00543, 2009 U.S. Dist. LEXIS 27078, at *22-25 (S.D. Ohio Mar. 30, 2009). EDO does not contest this ruling on appeal. The district court also concluded that EDO had presented significant evidence that it had in fact used reasonable efforts. *Id.* at *28-30. Indeed, during the three-and-one-half years EDO had manufactured the product line, EDO had spent more than $3 million to purchase new equipment, modify its facility, conduct research and development, produce samples, generate quotations, and market the line. *Id.* at *28-30, *32-33. Based in part on the rationale that "[r]easonable efforts does not require every possible effort, to the detriment of one's own interests or finances," the district court determined that Chabria had not created a genuine issue of fact as to the reasonableness of EDO's efforts. *Id.* at *30-40. EDO was therefore entitled to judgment as a matter of law on Chabria's breach of contract claim. *Id.* at *40.

On appeal, Chabria argues primarily that because EDO spent less money on equipment and facilities than EDO had originally planned to spend, and because EDO did not reassess the microwave ceramics market after EDO shut down the product line, EDO failed to use reasonable efforts. Chabria advanced both arguments, in more or less the same form, in his opposition to EDO's motion for summary judgment in the district court. After careful review of the record evidence, the controlling case law, and the parties' briefs and oral arguments on appeal, we agree with the district court's comprehensive analysis of Chabria's contentions as to his breach of contract claim. *See id.* at *27-40. We add only that Chabria has never explained *why* it was unreasonable for EDO not to reassess the microwave ceramics market. There is evidence to suggest that the

market declined after EDO and Chabria entered into their agreement. Chabria has not shown that the market later recovered, nor has he presented evidence that sales of EDO's competitors' products improved over time. As a result, there is no basis to conclude that, because EDO did not reassess the market, EDO failed to use reasonable efforts to generate revenues.

Because the issuance of a more detailed written opinion would be unnecessarily duplicative and would not advance the jurisprudence of this court, we affirm the judgment of the district court based on the reasoning in that court's March 30, 2009, opinion and order.